UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION,                    :     Civil Action No.
                               :
         Plaintiff,            :
                               :
    -against-                  :     **COMPLAINT**
                               :
JOHN HARVARD'S BREW HOUSE, LLC, :
                               :     **JURY TRIAL DEMAND**
                               :
         Defendant.            :
-------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Jennifer James. As alleged with greater specificity below in paragraph eight (8), the Commission charges that Defendant has engaged in sex discrimination by taking adverse employment action against Ms. James because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is

the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, John Harvard's Brew House, LLC, has continuously been a company doing business in the State of New York and the county of Suffolk, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jennifer James filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2001, Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. In May 2001, Ms. James was elevated to a management career path, after having worked first as a Server in June 2000 and then as a Supervisor from approximately February 2001. However, once Ms. James informed Defendant of her pregnancy, Defendant took adverse employment actions against her including:

> A. Altering the terms, conditions, or privileges of her employment by discontinuing her management training and removing her from a managerial career track; and

B.  Denying her any work assignments despite her repeated requests and terminating her employment in approximately August 2001.

8.  The effect of the practices complained of above has been to deprive Jennifer James of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.  The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Jennifer James.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.  Order Defendant to make whole Jennifer James by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.  Order Defendant to make whole Jennifer James by providing compensation for

past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Jennifer James by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Jennifer James punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington D.C.  20507


Katherine E. Bissell (KB 1831)
Regional Attorney

Elizabeth Grossman (EG 2478)
Supervisory Trial Attorney

Kam S. Wong (KW 7176)
Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y.  10004
(212) 336-3703
(212) 336-3623 (facsimile)

5